IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD W. BETHEA, et al., )
 )
        Plaintiffs, )
vs. )
 ) Case No. 10-1264-JAR
 )
WELLS FARGO BANK, N.A., et al., )
 )
        Defendants. )
 )

**MEMORANDUM AND ORDER**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss (Doc. 59) Counts II and IV, as well as plaintiffs' claim for punitive damages in plaintiff's First Amended Complaint. Defendant Kozeny & McCubbin, LLC. ("K&M") moves to dismiss (Doc. 62) Counts I and II, as well as plaintiff's claim for punitive damages in plaintiffs' First Amended Complaint. For the reasons set forth below, the Court denies in part and grants in part Wells Fargo's motion to dismiss Count II and denies Wells Fargo's motion to dismiss plaintiff's claim for punitive damages. The Court grants Wells Fargo's motion to dismiss Count IV. The Court denies K&M's motion to dismiss Counts I and II of the First Amended Complaint and its motion to dismiss plaintiff's claim for punitive damages..

**I.     Procedural History**

Defendants removed this foreclosure action from the District Court of Ford County, Kansas. Both defendants moved to dismiss the original petition ("Petition") for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). In a prior Memorandum and Order (Doc. 26), this Court denied Wells Fargo's motion to dismiss the Petition, granted K&M's motion to dismiss Count IV and denied K&M's motion to dismiss Counts I and III.

Plaintiffs obtained leave and filed their First Amended Complaint (Doc. 51). Now Wells Fargo moves to dismiss Counts II and IV of the First Amended Complaint ("Complaint"), as well as plaintiffs' claim for punitive damages; and K&M moves to dismiss Counts I and II of the Complaint, as well as plaintiff's claim for punitive damages. These motions are brought under Fed. R. Civ. P. 12(b)(6).

**II.     Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[5] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[3] *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[4] *Id.*

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

2

the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment. However, the court may consider documents that are referred to in the complaint.[11] Plaintiffs attach to the Complaint, the following exhibits: (A) a Petition for Foreclosure of Mortgage filed by Wells Fargo in the District Court of Ford County, Kansas, including the mortgage note and mortgage; (B) a January 8, 2009 Journal Entry of Judgment in the District Court of Ford County, Kansas; (C) a Notice of Sheriff's Sale; (D) a Notice of Loss Mitigation Cancellation filed July 17, 2009;

---

[6]*Id.* (citing *Twombly*, 550 U.S. at 556).

[7]*Iqbal*, – U.S. –, 129 S. Ct. at 1949-50.

[8]*Id.* at 1950.

[9]*Id.*

[10]*Id.* at 1949.

[11]*See GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384-85 (10th Cir. 1997).

and (E) an April 6, 2010 letter from Wells Fargo Home Mortgage to the plaintiffs. Notably, although attached to the Petition, a Temporary Forbearance Agreement dated January 28, 2009, between Wells Fargo and the plaintiffs is referenced in, but not attached to this Complaint. Nevertheless, because this forbearance agreement is referred to in plaintiffs' Complaint, and attached to their original petition, the Court will refer to the forbearance agreement,[12] as it did in resolving the first round of motions to dismiss.

## III.    Discussion

This Court's Memorandum and Order (Doc. 26) ruling on the motions to dismiss the Petition is largely instructive on the instant motions to dismiss, for the differences between plaintiffs' Petition and this Complaint are minimal. The Court will address the similarities, and its prior ruling, when material to the instant motions to dismiss. Except in the context of discussing the issues raised in the motions to dismiss, the Court will not restate the factual background set forth in the Court's prior decision, as the Petition and Complaint are virtually identical in articulating the factual background of this dispute.

### *Count I--Abuse of Process*

Count I alleges that both defendants committed abuse of process. While defendant K&M moves to dismiss Count I for failure to state a claim; Wells Fargo does not move to dismiss Count I. However, both defendants move to dismiss plaintiff's claim for punitive damages in Count I.

K&M moves to dismiss Count I on the basis that: (1) the Complaint fails to state that leaving the foreclosure action open during the pendency of the forbearance agreement was

---

[12]Plaintiffs refer to the agreement as a "loan reinstatement," but the Court will refer to the agreement by its titled "Temporary Forbearance Agreement."

precluded by, or even addressed in the forbearance agreement; and (2) consistent with this Court's prior order, the statements in the Notice of Sheriff's Sale were absolutely privileged.

In its previous motion to dismiss, K&M argued for dismissal on the basis that, under the terms of the forbearance agreement, defendants were not required to "reinstate the loan," and that the default judgment was already in place at the time the forbearance agreement was executed. This Court denied K&M's previous motion to dismiss, because plaintiffs are not claiming breach of contract; rather they are claiming that defendants abused process by leaving the foreclosure action pending and proceeding with the Notice of Sheriff's Sale, despite the fact that Wells Fargo entered into the forbearance agreement with plaintiffs and accepted all payments under the forbearance agreement up until the Notice of Loss Mitigation was entered on July 17, 2009.

K&M's instant motion moves to dismiss on essentially the same basis, that nothing in the forbearance agreement required defendants to dismiss the pending foreclosure action. But plaintiff's abuse of process claim is not based solely upon an alleged breach of the forbearance agreement. An abuse of process claim is based on the use of the judicial system for some process other than its intended purpose.[13] In Kansas, "abuse of process is concerned with process employed 'in a manner not contemplated by law, or to obtain an object which such process is not intended by law to effect.'"[14] "The gravamen of that tort is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate

---

[13] *Gatlin v. Hartley, Nicholson, Hartley & Arnett, P.A.*, 26 P.3d 1284, 1287 (Kan. Ct. App. 2001).

[14] *Tappen v. Ager*, 599 F.2d 376, 380 (10th Cir. 1979) (quoting *Jackson & Scherer, Inc. v. Washburn*, 496 P.2d 1358, 1366 (Kan. 1972)).

ends."[15] In Kansas, the elements of an abuse of process claim are: "a knowingly illegal or improper use of the process done for the purpose of harassing or causing hardship, which resulted in damage . . . ."[16]

As before, this Court finds that plaintiffs have alleged sufficient facts, and that considering those facts and drawing all inferences in favor of plaintiffs, the Complaint states a claim of abuse of process. Despite Wells Fargo accepting all payments under the forbearance agreement and despite indicating to plaintiffs that they had made all payments on time, defendants resumed the foreclosure action by taking steps to proceed with the Sheriff's Sale. The Complaint alleges that Wells Fargo did this to gain leverage over plaintiffs and to avoid the possible expense of filing another foreclosure action if plaintiffs defaulted on the reinstated loan. Defendant K&M filed a Notice of Sheriff's Sale, even before obtaining an Order of Sale, and filed the Notice of Loss Mitigation Cancellation. For these reasons, the Complaint states a claim for abuse of process, that is, an improper use of process with an ulterior motive or purpose.

K&M also moves to dismiss the abuse of process claim insofar as it relates to publication of the Notice of Sheriff's Sale. K&M relies upon the Court's previous ruling dismissing plaintiffs' tort claims of defamation and invasion of privacy. This Court concluded that the statements made in the Notice of Sheriff's Sale, were statements made in a judicial proceeding

---

[15]*Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994).

[16]*McShares, Inc. v. Barry*, 970 P.2d 1005, 1015 (Kan. 1998) (citing *Porter v. Stormont-Vail Hosp.*, 621 P.2d 411, 416 (Kan. 1980)).

and were absolutely privileged under Kansas law.[17] But, plaintiff's claim of abuse of process is not based on the content of the Notice of Sheriff's Sale; rather it is based on K&M filing the document. While K&M is immune from claims arising from the content of the Notice, it is not immune from suit for filing the Notice. Indeed, the Complaint alleges that the filing of the Notice of Sheriff's Sale was an improper or perverted use of the process. Thus, to the extent plaintiffs claim damages for abuse of process that are based on the communicative substance or content of the Notice of Sheriff's Sale, defendants would be immune from such damages under Kansas law. Defendant K&M's motion to dismiss Count I is denied.

### *Punitive Damage Claim in Count I*

Both defendants move to dismiss plaintiffs' claim for punitive damages caused by abuse of process. Defendants contend that plaintiffs have insufficiently pled facts supporting an award of punitive damages. The Court disagrees. Under Kansas law, a plaintiff may recover punitive damages to punish the wrongdoer for its malicious, vindictive, willful or wanton invasion of the injured person's rights.[18] The Complaint states that defendants intentionally failed to dismiss the foreclosure action despite the forbearance agreement that reinstated the loan, did so with the intent of gaining leverage against plaintiffs and avoiding the possible expense of a second foreclosure action in the event the plaintiffs defaulted on the loan, accepted timely payments, as well as two late "just in time" payments in May and June of 2009, yet published a Notice of Sheriff's Sale, even before obtaining an order of sale. The Complaint further states that

---

[17]*Froelich v. Adair*, 516 P.2d 993, 996-97 (Kan. 1973) (holding that judicial proceedings are absolutely privileged communications, and statements in the course of litigation otherwise constituting an action for slander, libel, or one of the invasion of privacy torts involving publication, are immune from such actions).

[18]*See Reed v. Reed-Prentice Div. of Package Mach. Co.*, 131 F.R.D. 591, 592 (D. Kan. 1990) (citations omitted).

defendants intentionally deprived plaintiffs of the process they are entitled to, and despite defendants' significant amount of experience in prosecuting foreclosure actions in Kansas, acted "willfully, wantonly, fraudulently, and maliciously towards Plaintiffs by intentionally failing to dismiss the original foreclosure action and by attempting to use the open foreclosure action as a fast-track strict foreclosure to save themselves time and money." Defendants counter by denying plaintiff's allegations and offering that they acted properly and with proper motives. But, as this Court explained in its previous Memorandum and Order, defendants' allegations of proper motive do not render plaintiffs' claims insufficiently pled. Defendants' motions to dismiss plaintiffs' claims for punitive damages are denied.

### *Count II–-Kansas Consumer Protection Act*

Defendant Wells Fargo moves to dismiss plaintiffs' claim under the Kansas Consumer Protection Act ("KCPA").[19] Wells Fargo previously moved to dismiss this claim in the Petition, which is virtually identical to the claim in this Complaint. This Court denied Wells Fargo's earlier motion to dismiss. The Court concluded that plaintiffs stated a claim of a deceptive act or practice based on Wells Fargo's collection of payments set forth in the forbearance agreement, for while the forbearance agreement did not constitute a "consumer transaction" under the (KCPA), it was "in connection with a consumer transaction." Thus, the Court concluded that assuming plaintiffs' factual allegations are true, Wells Fargo's alleged misrepresentations to plaintiffs were made in connection with Wells Fargo's attempt to collect the debt incurred on the original mortgage loan, which was a consumer transaction. The Court also found that Wells Fargo's act of charging attorneys' fees and costs associated with the foreclosure action was an

---

[19]K&M is not sued under Count II.

actionable consumer transaction under the KCPA. Finally, the Court found that Wells Fargo's alleged actions were all within the three year statute of limitations found in K.S.A. § 60-512.

Wells Fargo now argues that the conduct alleged in Count II fails to state a claim under the KCPA as a matter of law because the Complaint does not allege any unconscionable contract or contract terms nor any unconscionable debt collection practices. Under K.S.A. § 50-626(a), "[n]o supplier shall engage in any deceptive act or practice in connection with a consumer transaction." A "consumer transaction" is defined as: "a sale, lease, assignment or other disposition for value of property or services within this state (except insurance contracts regulated under state law) to a consumer; or a solicitation by a supplier with respect to any of these dispositions."[20] In interpreting the KCPA, "the guiding principle to be applied . . . is that the act is to be liberally construed in favor of the consumer."[21] The Court finds that the Complaint alleges facts that, if true, would demonstrate unconscionable debt collection practices. The Complaint alleges that defendants entered into a forbearance agreement with plaintiffs, and misrepresented to them that the foreclosure action would be dismissed, yet did not dismiss it. Defendants accepted two late payments in June and July, which defendants deemed "just in time," yet nonetheless pursued foreclosure in the pending action in July, getting a Notice of Sheriff's Sale published, without first getting court approval in an order of sale. Defendants ultimately dismissed the foreclosure action, yet still demanded plaintiffs pay its costs for publishing the improvident Notice of Sheriff's Sale, as well as for a property inspection and attendant attorneys fees. In essence, the Complaint alleges that the parties transaction was

---

[20] K.S.A. § 50-624(c).

[21] *Kansas ex rel. Stephan v. Bhd. Bank & Trust Co.*, 649 P.2d 419, 422 (Kan. Ct. App. 1982).

excessively one-sided, that defendants made misrepresentations and deceived plaintiffs, who were unrepresented by counsel, and that plaintiffs were taken advantage of. These are sufficiently pled facts to state a claim as a matter of law under the KCPA.

Wells Fargo further moves to dismiss Count II on the basis that the Complaint fails to allege circumstances constituting fraud or mistake with sufficient particularity to meet the heightened pleading standard of Rule 9(b).[22] The complaint must plead the who, what, when and where surrounding the fraud.[23] Wells Fargo argues that the Complaint fails to do this. The Court agrees. The Complaint sufficiently pleads the "what," defendant made misrepresentations that it would dismiss the pending foreclosure action upon the parties executing the forbearance agreement. The Complaint sufficiently pleads the "when," narrowing down the time period of these misrepresentations, to have occurred between January 8, 2009 when defendants obtained a default judgment, and January 28, 2009 when the plaintiffs executed the forbearance agreement. The "where" and "how" are sufficiently pled and established; it is clear from attachments to the Complaint, that plaintiffs reside in Dodge City, Kansas and that Wells Fargo is located in Des Moines, Iowa. Although it is not clear that the individuals who allegedly made the misrepresentations were physically located in Des Moines, Iowa, it is clear that the misrepresentations were communicated to plaintiffs in Kansas, and through at least written communications if not oral communications by phone or other means.

---

[22]*Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1524 (D. Kan. 1995) (finding allegations of deceptive trade practices under the KCPA are subject to Fed. R. Civ. P. 9(b)); *Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 932 (D. Kan. 2007).

[23] *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991) (explaining that the complaint must set forth the identity of the party making the false statement, as well as the time, place and content of the false representations.)

But the Complaint insufficiently pleads "who" made the misrepresentations to plaintiffs. The Complaint alleges that Wells Fargo made the misrepresentations. Although Wells Fargo is a corporate defendant who necessarily acts through its agents and employees, it is not sufficient to plead the corporate defendant as the maker of the misrepresentations. In the context of corporate defendants, plaintiffs must either specifically identify the individual who made the misrepresentations, or supply information that will foster identification, such as the individual's job title and location.[24] While plaintiffs have identified the time period, between January 8, 2009 when defendant obtained a default judgment and January 28, 2009 when the parties, after discussion(s) and negotiation entered into the forbearance agreement, the Complaint provides no other detail that might foster identification of the person(s) who made these misrepresentations during that twenty day period. The Complaint does not identify which branch, office or division of Wells Fargo the individual or individuals worked for. Indeed, the complaint does not identify whether a single individual or more than one individual made the misrepresentations. And, while attached to the Complaint is an April 6, 2010 letter to plaintiffs from Wells Fargo "Borrower Counseling Services," the Complaint does not state whether the individual(s) who made the misrepresentations were located in that office or in some other office, branch or division of Wells Fargo. Thus, the Complaint fails to sufficiently plead the KCPA claim with respect to the allegations that Wells Fargo engaged in deceptive or unconscionable practices in

---

[24]*Thompson*, 505 F. Supp. 2d at 933 (citations omitted); *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1158 (D. Kan. 2007)(finding complaint insufficiently pled fraud when it did not identify particular individuals, but pled that certain "broad classes of employees" such as admissions representatives, financial aid representatives, career service representatives and course instructors, made the misrepresentations).

misrepresenting that the foreclosure action would be dismissed.[25]

But the Complaint also alleges that Wells Fargo engaged in a separate deceptive or unconscionable act in charging plaintiffs for certain fees and costs associated with the foreclosure action. Wells Fargo argues that the Complaint fails to sufficiently identify what fees and charges underlie plaintiffs' claim. The Court disagrees. In the "Background" section of the Complaint, plaintiffs aver that, as a consequence of defendants' actions, they were billed additional amounts, including certain amounts which are specifically itemized in the Complaint, by date incurred, amount and description of the charges. The Complaint also states that plaintiffs incurred $5962.50 for attorney fees in connection with their defense of the foreclosure action. This is precisely the type of detail that satisfies the heightened standard under Rule 9(b). Thus, this part of Count II survives dismissal, the claim that defendant Wells Fargo violated the KCPA by engaging in deceptive and unconscionable practices in charging plaintiffs attorneys' fees and costs as itemized in Count II.

### *Count III–Fair Debt Collection Practices Act*

Defendant K&M moves to dismiss plaintiffs' claim under the Fair Debt Collection Practices Act ("FDCPA"). K&M argues that plaintiff cannot state a claim for violation of the FDCPA based on keeping the foreclosure action open, when there was no agreement to dismiss the foreclosure action. Plaintiffs claim that defendants misrepresented to them that the foreclosure action would be dismissed, an allegation that the Court accepts as true for purposes of defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[25]*Thompson*, 505 F. Supp. 2d at 933 (finding complaint sufficiently pled the identity of defendant's employee who made the alleged misrepresentation, because the complaint identified the person as a technician, identified the dates this person worked, the location at which he worked and identified the owner the particular franchise location.)

K&M further argues that while alleging that K&M intentionally moved forward with a sheriff's sale on a note and mortgage that had been reinstated, the Complaint fails to allege that K&M knew that the note and mortgage had been reinstated. This is essentially the same argument K&M made in its first motion to dismiss, that a bona fide error on its part is not actionable under the FDCPA. While the bona fide error defense is an affirmative defense that "insulates debt collectors from liability even when they have violated the FDCPA,"[26] the Court again denies K&M's motion, for it has failed its burden of showing that the violation was unintentional, a bona fide error, and made despite the maintenance of procedures reasonably adapted to avoid error.[27] Again, there are issues of fact that render impossible a resolution of this claim on a motion to dismiss, because on a motion to dismiss, the Court accepts as true the factual allegations set forth in the complaint.

Finally K&M argues that the FDCPA claim should be dismissed insofar as it relates to K&M's publishing the Notice of Sheriff's Sale. But, as this Court explained in earlier sections of this opinion, the absolute privilege and immunity accorded to judicial filings relates to tort claims such as defamation and invasion of privacy. Defendants are not entitled to any immunity for there is no absolute privilege related to the act of causing a Notice of Sheriff's Sale to be published. Thus, K&M's motion to dismiss the FDCPA claim is denied.

### *Count IV–Defamation and Invasion of Privacy*

This Court previously granted defendant K&M's motion to dismiss the defamation and invasion of privacy claim in the Petition. That claim is virtually identical to this claim in the

---

[26] 15 U.S.C. § 1692k(c); *see Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006).

[27] *Id.*

Complaint. While acknowledging that the Court has already dismissed this claim, plaintiffs nonetheless include the claim in their First Amended Complaint, explaining that "such claims are not restated against Kozeny & McCubbin here. However, Plaintiffs reserve the right to appeal the dismissal of their defamation and invasion of privacy claims against Kozeny & McCubbin at the conclusion of the case." K&M's motion to dismiss the defamation and invasion of privacy claim in the First Amended Complaint is granted for the same reasons given in the Court's previous Memorandum and Order (Doc. 26). Moreover, Wells Fargo now moves to dismiss Count IV. For the same reasons given in the Court's previous order granting dismissal as to K&M, the Court grants Wells Fargo's motion to dismiss Count IV.

## IV. Conclusion

For these reasons the Court denies in part and grants in part Wells Fargo's motion to dismiss Count II. The Court grants Wells Fargo's motion to dismiss plaintiffs' claims in Count II that relate to misrepresentations that the foreclosure action would be dismissed; but the Court denies Wells Fargo's motion to dismiss plaintiff's claims in Count II that Wells Fargo engaged in deceptive or unconscionable practices in charging plaintiffs for fees and costs associated with the foreclosure action and as itemized in the Complaint.

The Court denies Wells Fargo's motion to dismiss plaintiff's claim for punitive damages.

The Court grants Wells Fargo's motion to dismiss Count IV.

The Court denies K&M's motion to dismiss Counts I and II and denies its motion to dismiss plaintiff's claim for punitive damages.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Wells Fargo's Motion to Dismiss Counts II and IV and claim for punitive damages (Doc. 59) is granted in part

and denied in part.

**IT IS FURTHER ORDERED** that Defendant Kozeny & McCubbin's Motion to Dismiss Counts I and III and claim for punitive damages (Doc.62) is denied.

**IT IS SO ORDERED**.

Dated: July 6, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE